**COPY**

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No.

CHERYL L. WHITE, )
      Plaintiff, )
       )
v. )
       ) COMPLAINT
MAINE SCHOOL ADMINISTRATIVE )
DISTRICT NO. 68, ) (Jury Trial Requested)
       )
      Defendant. )

NOW COMES the Plaintiff, Cheryl L. White, by and through undersigned counsel, and complains against the Defendant, Maine School Administrative District No. 68 ("M.S.A.D. 68"), as follows:

## Introduction

1. White's claims arise from the Defendant's discrimination and retaliation against her in violation of the Maine Human Rights Act (MHRA) and Section 504 of the Rehabilitation Act. 5 M.R.S.A. § 4551 et seq. and 29 U.S.C. § 794. Defendant discriminated against White because (1) she had a disability; (2) it regarded her as someone with a disability; and (3) she needed accommodations for her disability. Defendant also retaliated against White because she requested accommodations for her disability.

## Parties

2. Plaintiff Cheryl L. White is a resident of Garland, Maine.

3. Defendant Maine School Administrative District No. 68 is the school district for the towns of Dover-Foxcroft, Charleston, Sebec, and Monson, Maine.

1

## Factual Allegations

4. In June of 2005, Mrs. White began a one year contract working for the Defendant as an administrative assistant. She worked for a program called Project IMPACT at the Mountain View Youth Development facility.

5. Mrs. White suffers from cancer. Due to her cancer, Mrs. White is a person with a disability under the terms of the Maine Human Rights Act (MHRA). The Defendant also regarded Mrs. White as person with a disability due to her cancer.

6. In the fall of 2005, Mrs. White suffered a relapse of her cancer that required surgery. Mrs. White also required chemotherapy and radiation therapy to treat her cancer.

7. Mrs. White requested and took medical leave from work as a reasonable accommodation for her cancer.

8. On or about May 10, 2006, the Defendant notified Mrs. White that it would not renew her employment contract. The Defendant decided not to renew Mrs. White's contract because she had a disability; because it regarded her as someone with a disability; because she needed accommodations for her disability; and because she had requested accommodations for her disability.

9. On August 18, 2006, Mrs. White filed a Charge of Discrimination with the Maine Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC). The MHRC and EEOC subsequently issued Mrs. White a right-to-sue letters. Mrs. White has exhausted all administrative remedies.

## COUNT ONE: MAINE HUMAN RIGHTS ACT – Disability Discrimination

10. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-9 as if set forth fully herein.

11. Defendant discriminated against Mrs. White because of her disability, because it regarded her as someone with a disability, and because she needed accommodations for her disability. This discrimination violated the MHRA.

12. Defendant effectively failed to provide Mrs. White with reasonable accommodations that she requested and needed because of her disability because it held the fact that she took medical leave as an accommodation against her.

13. As a direct and proximate cause of Defendant's violations of Mrs. White's rights under the MHRA she suffered damages including, but not limited to, lost income, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate her for all past and future injuries and damages; plus her attorney's fees, litigation costs, interest, and any other relief this Court deems just and equitable.

## COUNT TWO: MAINE HUMAN RIGHTS ACT – Retaliation

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-13 as if set forth fully herein.

15. Defendant retaliated against Mrs. White because she requested medical leave as a reasonable accommodation for her disability. This retaliation violated the MHRA.

16. As a direct and proximate cause of Defendant's violations of Mrs. White's rights under the MHRA she suffered damages including, but not limited to, lost income, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate her for all past and future injuries and damages; plus her attorney's fees, litigation costs, interest, and any other relief this Court deems just and equitable.

## COUNT THREE: REHABILIATION ACT – Retaliation

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-16 as if set forth fully herein.

18. Throughout the Plaintiff's employment with the Defendant, the Defendant operated a "program or activity receiving Federal financial assistance" within the meaning of 29 U.S.C. § 794.

19. Defendant retaliated against Mrs. White because she requested medical leave as a reasonable accommodation for her disability. This retaliation violated the Rehabilitation Act.

20. As a direct and proximate cause of Defendant's violations of Mrs. White's rights under the Rehabilitation Act she suffered damages including, but not limited to, lost income, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount sufficient to fairly and reasonably compensate her for all past and future injuries and damages; plus her attorney's fees, litigation costs, interest, and any other relief this Court deems just and equitable.

Dated at Portland, Maine this 12th day of September 2007.

_____
Peter L. Thompson (8011)
Attorney for the Plaintiff

**Peter Thompson & Associates**
92 Exchange Street, 2nd Floor
Portland, Maine 04101
Phone: (207) 874-0909
Fax:    (207) 874-0343
peter@ptlawoffice.com